JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
ALVARADO SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
PRINCIPAL LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, and DOES 1 to 25, inclusive.<br><br>Defendants. | CASE NO.: 1:10-CV-00452-LJO-SKO<br><br>JUDGE:     Hon. Lawrence J. O'Neill<br><br>**DEFENDANT'S MOTION TO HAVE THE REQUESTS FOR DEEMED ADMITTED, AND FOR DISCOVERY SANCTIONS** |

Defendant Principal Life Insurance Company ("Principal Life") pursuant to Fed. R. Civ. P. 37 and Local Rule 251, asks the Court to impose sanctions on Plaintiff for its failure to cooperate in discovery. In support of this Motion, Principal Life states:

1.  This is an action by Plaintiff to recover payment for medical services in excess of the amounts properly paid by Principal Life pursuant to a contract between Plaintiff and Aetna Health of California, Inc. Aetna Health Management, Inc., and their affiliates. The trial of this matter is set for June 6, 2011. The deadline to file non-dispositive and dispositive pretrial motions is January 21 and March 10, 2011, respectively.

2.  Principal Life served its First Request for Admissions to Plaintiff on or about October 14, 2010.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

*See*, Declaration of S. Christopher Yoo, Exhibit "A."  In Request Numbers 5 through 8, Principal Life asked to admit or deny the following:

> 5.      At the time he/she received services at DMC Modesto, Patient 1 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint[1].

> 6.      At the time he/she received services at DMC Modesto, Patient 2 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

> **7.**      At the time he/she received services at DMC Modesto, Patient 3 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

> 8.      At the time he/she received services at DMC Modesto, Patient 4 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

3.  Plaintiff's responses were due November 17, 2010.  However, on November 18, 2010, even after the due date, per the request of Plaintiff's counsel, Principal Life granted an extension of time to respond to written discovery to November 23, 2010.   *See*, Declaration of S. Christopher Yoo, Exhibit "B."

4.  Purportedly, on November 24, 2010, although not received by Principal Life's counsel until November 29, 2010, Plaintiff served inadequate and insufficient responses to the Request for Admissions.  *See*, Declaration of S. Christopher Yoo, Exhibit "C."  Plaintiff's responses were untimely, as the responses were <u>due November 23, 2010</u>.  Failure to timely responses to requests for admissions results in automatic admissions of the matters requested.  Federal Rules of Civil

---

[1]

Paragraph 6 of the Complaint states:

On or about July 1, 2008, DMC Modesto entered into the MPI Participating Facility Agreement ("DMC Modesto Agreement") to provide medical care at reduced rates to **Participants of MPI's Client's Program**.  DMC Modesto is informed and believes Principal is a Client, as defined by the Agreement.  The sole purpose of this Agreement was for DMC Modesto to provide medical services to any Participants in Principal's Program in need of such medical services, and for Principal to pay DMC Modesto for such medical services rendered in accordance with the terms of the DMC Modesto Agreement.

1173390.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Procedure ("FRCP") 36(a)(3); *O'Bryant v. Allstate Insurance Company*, 107 FRD 45, 48 (D CT 1985); *Federal Trade Commission v. Medicor LLC,* 217 F.Supp.2d 1048, 1053 (CD CA 2002).

5. Plaintiffs' responses are null and void, and all the requests are deemed admitted, because Plaintiff's responses were untimely and late.

6. Regardless, in response, Plaintiff neither admitted nor denied the Requests, but stated:

> Objection. This Request is *vague and ambiguous, and is unintelligible as worded* with respect to the reference of patient 1 being "a participants (sic) of MPI's Client's Program." As the Complaint is worded at Paragraph 6, there is no reference to any Patient being a Participant in MPI's Client's Program.

(emphasis in original). *See,* Declaration of S. Christopher Yoo, Exhibit "C."

7. On or about December 10, 2010, counsel for the parties conferred regarding Plaintiff's responses to the Request for Admission. On that date, Plaintiff's counsel agreed to withdraw the objections and admit or deny Request Numbers 5 through 8. When by December 27, 2010, Plaintiff had not responded to Request Numbers 5 through 8, counsel for the parties conferred again regarding the discovery response, as well as other issues. Counsel for Plaintiff again agreed to respond to the Requests, but stated that other pressing matters had interfered with his ability to do so. *See,* Declaration of S. Christopher Yoo, Exhibit "D."

8. With the non-dispositive pretrial motion deadline approaching, by email of January 5, 2011, Principal Life's counsel asked Plaintiff's counsel to respond to the Requests on or before January 12, 2011. *See,* Declaration of S. Christopher Yoo, Exhibit "D."

9. By email dated January 13, 2011, Plaintiff's counsel asked if he could provide the responses during the week of January 17, 2011. To date, Plaintiff has not responded to the Requests as agreed. *See,* Declaration of S. Christopher Yoo, Exhibit "D."

10. Plaintiff's failure to admit or deny Request Numbers 5 though 8 **as previously agreed**

3

demonstrates its failure to cooperate with discovery, and evidences Plaintiff's effort to needlessly increase the burden and expense of this matter.

11. Accordingly, pursuant to Local rule 251, Principal Life asks the Court to impose sanctions on Plaintiff for its failure to cooperate with discovery.

12. As stated above, Plaintiff has automatically admitted to the Requests for Admissions. Even if there is no automatic admissions, Principal Life asks the Court to sanction Plaintiff by ordering that Request Numbers 5 through 8 are deemed admitted, because Plaintiff failed to withdraw the objections, and failed to provide substantive responses.

Respectfully submitted,

DATED: January 21, 2011            ALVARADO SMITH
                                   A Professional Corporation

                                   By: _____
                                       JOHN M. SORICH
                                       S. CHRISTOPHER YOO
                                       Attorneys for Defendant
                                       PRINCIPAL LIFE INSURANCE COMPANY

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## DECLARATION OF S. CHRISTOPHER YOO

I, Christopher Yoo, declare as follows:

1.      I am a member of the law firm of AlvaradoSmith, a Professional Corporation, attorneys of record herein for defendant Principal Life Insurance Company ("Principal Life") in the above-captioned action ("Action").  I have been duly admitted to practice law in the State of California and before this Court.  If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2.      My office, on behalf of Principal Life, served Principal Life's First Request for Admissions to Plaintiff on or about October 14, 2010.  A true and correct copy of the Requests for Admissions is attached hereto as Exhibit "A."

3.      Plaintiff's responses were due November 17, 2010.  However, on November 18, 2010, although already late with the responses, per the request of Greg Lehman, Esq., Plaintiff's counsel, Principal Life granted extension of time for Plaintiff to respond to the written discovery requests to November 23, 2010.  A true and correct copy of the emails dated November 18, 2010 confirming the extension of time to respond to the written discovery to "next Tuesday (which was November 23, 2010)" is attached hereto as Exhibit "B."

4.      Purportedly, on November 24, 2010, Plaintiff served inadequate and insufficient responses to the Request for Admissions.  A true and correct copy of Plaintiff's responses to Requests for Admissions is attached hereto as Exhibit "C."  Plaintiff's responses were untimely, as the responses were due November 23, 2010.

5.      On or about December 10, 2010, counsel for the parties conferred regarding Plaintiff's responses to the Request for Admission.  On that date, Plaintiff's counsel agreed to withdraw the objections and admit or deny Request Numbers 5 through 8.  When by December 27, 2010, Plaintiff had not responded to Request Numbers 5 through 8, counsel for the parties

1173390.1

conferred again regarding the discovery response, as well as other issues.  Counsel for Plaintiff again agreed to respond to the Requests, but stated that other pressing matters had interfered with his ability to do so.  A true and correct copy of the relevant emails from Plaintiff's counsel and Principal Life's counsel is attached hereto as Exhibit "D."

6.      With the non-dispositive pretrial motion deadline approaching, by email of January 5, 2011, Julie Cloney, Principal Life's Florida counsel, asked Plaintiff's counsel to respond to the Requests on or before January 12, 2011.  *See*, Exhibit "D."

7.      By email dated January 13, 2011, Plaintiff's counsel asked if he could provide the responses during the week of January 17, 2011.  To date, Plaintiff has not responded to the Requests as agreed.  *See*, Exhibit "D."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on January 21, 2011 at Santa Ana, California.

_____
S. CHRISTOPHER YOO

# EXHIBIT A

DN19-5

1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel: (714) 852-6800
   Fax: (714) 852-6899
6
7  Attorneys for Defendant
   PRINCIPAL LIFE INSURANCE
   COMPANY
8

9          **UNITED STATES DISTRICT COURT**

10         **EASTERN DISTRICT OF CALIFORNIA**

11  DOCTORS MEDICAL CENTER OF          **CASE NO.: 1:10-CV-00452-LJO-SMS**
    MODESTO, INC., a California
12  Corporation
                                       **DEFENDANT'S FIRST REQUEST**
13              Plaintiff,             **FOR ADMISSIONS TO PLAINTIFF**

14  v.

15  PRINCIPAL LIFE INSURANCE
    COMPANY, and DOES 1 to 25,
16  inclusive.

17

18              Defendants.

19

20  **PROPOUNDING PARTY:**        Principal Life Insurance Company

21  **RESPONDING PARTY:**         Doctors Medical Center of Modesto, Inc.

22  **SET NO.:**                  ONE

23       Defendant Principal Life Insurance Company ("Principal Life" or

24  "Propounding Party") requests that plaintiff Doctors Medical Center of Modesto, Inc.

25  ("Plaintiff" or "Responding Party") respond to each of the following requests for

26  admission fully and completely under oath, within the time and in the manner

27  prescribed by Federal Rule of Civil Procedure ("FRCP") 36.

28       As required by FRCP 36, each request shall be answered separately and fully in

1

1154005.2

S 10/14

*(left margin vertical text)* ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  writing under oath, unless it is objected to, in which even the objecting party shall

2  state the reasons for objection and shall answer to the extent the request is not

3  objectionable.

4  **REQUESTS**

5  **REQUEST FOR ADMISSION NO. 1:**

6      Admit that at the time he/she received services at Doctors Medical Center of

7  Modesto, Inc., ("DMC Modesto"), Patient 1 (as identified in the Complaint) was a

8  participant in the Aetna Signature Administrators ("ASA") managed care

9  network/preferred provider organization.

10  **REQUEST FOR ADMISSION NO. 2:**

11      Admit that at the time he/she received services at DMC Modesto, Patient 2 (as

12  identified in the Complaint) was a participant in the ASA managed care

13  network/preferred provider organization.

14  **REQUEST FOR ADMISSION NO. 3:**

15      Admit that at the time he/she received services at DMC Modesto, Patient 3 (as

16  identified in the Complaint) was a participant in the ASA managed care

17  network/preferred provider organization.

18  **REQUEST FOR ADMISSION NO. 4:**

19      Admit that at the time he/she received services at DMC Modesto, Patient 4 (as

20  identified in the Complaint) was a participant in the ASA managed care

21  network/preferred provider organization.

22  **REQUEST FOR ADMISSION NO. 5:**

23      Admit that at the time he/she received services at DMC Modesto, Patient 1 was

24  not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the

25  Complaint.

26  **REQUEST FOR ADMISSION NO. 6:**

27      Admit that at the time he/she received services at DMC Modesto, Patient 2 was

28  not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2

1154005.2

1  Complaint.

2  **REQUEST FOR ADMISSION NO. 7:**

3  Admit that at the time he/she received services at DMC Modesto, Patient 3 was

4  not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the

5  Complaint.

6  **REQUEST FOR ADMISSION NO. 8:**

7  Admit that at the time he/she received services at DMC Modesto, Patient 4 was

8  not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the

9  Complaint.

10  **REQUEST FOR ADMISSION NO. 9:**

11  Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the

12  Complaint) does not govern the rate of reimbursement for the services at issue in this

13  action provided to Patient 1.

14  **REQUEST FOR ADMISSION NO. 10:**

15  Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the

16  Complaint) does not govern the rate of reimbursement for the services at issue in this

17  action provided to Patient 2.

18  **REQUEST FOR ADMISSION NO. 11:**

19  Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the

20  Complaint) does not govern the rate of reimbursement for the services at issue in this

21  action provided to Patient 3.

22  **REQUEST FOR ADMISSION NO. 12:**

23  Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the

24  Complaint) does not govern the rate of reimbursement for the services at issue in this

25  action provided to Patient 4.

26  **REQUEST FOR ADMISSION NO. 13:**

27  Admit that Principal Life's reimbursement for the services provided to Patient 1

28  by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered

REQUEST FOR ADMISSIONS, SET ONE

1154005.2

Adorno Yoss Alvarado & Smith
ATTORNEYS AT LAW
SANTA ANA

through ASA.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Principal Life's reimbursement for the services provided to Patient 2 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Principal Life's reimbursement for the services provided to Patient 3 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Principal Life's reimbursement for the services provided to Patient 4 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**REQUEST FOR ADMISSION NO. 17:**

Admit that DMC Modesto is a participating provider in a managed care network/preferred provider organization operated by Aetna through ASA.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Aetna/ASA managed care agreement governs Principal Life's reimbursement to DMC Modesto for services provided to Patients 1 through 4.

**REQUEST FOR ADMISSION NO. 19:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 1.

**REQUEST FOR ADMISSION NO. 20:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 2.

///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1154005.2

**REQUEST FOR ADMISSION NO. 21:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 3.

**REQUEST FOR ADMISSION NO. 22:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 4.

DATED: October 14, 2010

Respectfully submitted,

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: _____
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
PRINCIPAL LIFE INSURANCE
COMPANY

REQUEST FOR ADMISSIONS, SET ONE

1154005.2

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On October 14, 2010, I served the foregoing document described as DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 14, 2010, at Santa Ana, California.

JOYCE M. YOUNG

1119531.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## SERVICE LIST

*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

Ralph G. Helton, Esq.
Helton Law Group
401 East Ocean Blvd., Suite 1010
Long Beach, CA 90802

562.901.4499 – telephone
562.901.4488 – Facsimile

PROOF OF SERVICE

# EXHIBIT B

**Christopher Yoo**

| | |
|---|---|
| **From:** | Greg Lehman [glehman@heltonlawgroup.com] |
| **Sent:** | Thursday, November 18, 2010 11:08 AM |
| **To:** | Julie M. Cloney; Christopher Yoo |
| **Cc:** | Jessica Ermel; John Sorich; Rhonda White |
| **Subject:** | RE: Doctors/Harris |

Thank you, Ms. Cloney, for your courtesy.

---

HELTON LAW GROUP

A PROFESSIONAL CORPORATION

Gregory C. Lehman
Senior Associate Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
T| 562.901.4499
F| 562.901.4488

---

**From:** Julie M. Cloney [mailto:jcloney@adorno.com]
**Sent:** Thursday, November 18, 2010 11:00 AM
**To:** Christopher Yoo; Greg Lehman
**Cc:** Jessica Ermel; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Sure.  No problem.

---

**From:** Christopher Yoo [mailto:cyoo@alvaradosmith.com]
**Sent:** Thu 11/18/2010 1:57 PM
**To:** Julie M. Cloney; Greg Lehman
**Cc:** Jessica Ermel; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Julie,

He is asking for a short extension to next Tuesday.  Is this acceptable?

---

**From:** Julie M. Cloney [mailto:jcloney@adorno.com]
**Sent:** Thursday, November 18, 2010 10:54 AM
**To:** Greg Lehman
**Cc:** Jessica Ermel; Christopher Yoo; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Greg,

I believe Plaintiff's discovery responses are due today.  Would you please provide my with a pdf copy of the response that are served.
Thank you
Julie Cloney

1

# EXHIBIT C

1
2
3
4
5
6

**HELTON LAW GROUP**
A PROFESSIONAL CORPORATION
CARRIE S. McLAIN (State Bar No. 181674)
cmclain@heltonlawgroup.com
GREGORY C. LEHMAN (State Bar No. 199515)
glehman@heltonlawgroup.com
ATTORNEYS AT LAW
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
TELEPHONE: (562) 901-4499
FACSIMILE:  (562) 901-4488

7   ATTORNEYS FOR PLAINTIFF DOCTORS MEDICAL CENTER OF MODESTO, INC.

8

9                    UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11

12   DOCTORS MEDICAL CENTER OF
     MODESTO, INC., a California
13   corporation,

14                        Plaintiff,

15   vs.

16   PRINCIPAL LIFE INSURANCE
     COMPANY, an Iowa corporation; and
17   DOES 1 through 25, inclusive,

18                        Defendants.

19

20

21

Case No: 1:10-cv-00452-LJO-SKO

ASSIGNED TO: HON. LAWRENCE J. O'NEILL
UNITED STATES DISTRICT COURT JUDGE

-AND-

HON. SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE

**PLAINTIFF'S RESPONSE TO
REQUESTS ADMISSION, SET ONE**

Removal Filed:  March 12, 2010

Trial Date: June 6, 2011

22   TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

23   PROPOUNDING PARTY:     Defendant PRINCIPAL LIFE INSURANCE
24                          COMPANY

25   RESPONDING PARTY: Plaintiff DOCTORS MEDICAL CENTER OF MODESTO,
26                          INC.

27   SET NUMBER:            ONE

28   ///

---

1
PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Plaintiff DOCTORS MEDICAL CENTER OF MODESTO, INC. (referred to as "Responding Party" or "Hospital") hereby responds to Defendant PRINCIPAL LIFE INSURANCE COMPANY (referred to as "Principal") Requests for Admission, Set One, pursuant to *Federal Rule of Civil Procedure 36* as follows:

## RESPONSES TO REQUESTS FOR ADMISSION, SET ONE

### REQUEST FOR ADMISSION NO. 1:

Admit that at the time he/she received services at Doctors Medical Center of Modesto, Inc., ("DMC Modesto"), Patient 1 (as identified in the Complaint) was participant in the Aetna Signature Administrators ("ASA") managed care network/preferred provider organization.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

### REQUEST FOR ADMISSION NO. 2:

Admit that at the time he/she received services at DMC Modesto, Patient 2 (as identified in the Complaint) was a participant in the ASA managed care network/preferred provider organization.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

///

///

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

**REQUEST FOR ADMISSION NO. 3:**

Admit that at the time he/she received services at DMC Modesto, Patient 3 (as identified in the Complaint) was a participant in the ASA managed care network/preferred provider organization.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that at the time he/she received services at DMC Modesto, Patient 4 (as identified in the Complaint) was a participant in the ASA managed care network/preferred provider organization.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at the time he/she received services at DMC Modesto, Patient 1 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the reference to Patient 1 being a "participants of MPI's Client's Program." As the complaint is worded at Paragraph 6, there is no reference to any Patient being a participant in "MPI's Client's Program."

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that at the time he/she received services at DMC Modesto, Patient 2 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the reference to Patient 2 being a "participants of MPI's Client's Program." As the complaint is worded at Paragraph 6, there is no reference to any Patient being a participant in "MPI's Client's Program."

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that at the time he/she received services at DMC Modesto, Patient 3 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the reference to Patient 3 being a "participants of MPI's Client's Program." As the complaint is worded at Paragraph 6, there is no reference to any Patient being a participant in "MPI's Client's Program."

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that at the time he/she received services at DMC Modesto, Patient 4 was not a "participant of MPI's Client's Program" as referenced in paragraph 6 of the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the reference to Patient 4 being a "participants of MPI's Client's Program." As the complaint is worded at Paragraph 6, there is no reference to any Patient being a participant in "MPI's Client's Program."

Responding party lacks sufficient information to admit or deny this request and, therefore, must deny the request. Responding party's investigation and discovery are ongoing to determine the facts relating to this request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the Complaint) does not govern the rate of reimbursement for the services at issue in this action provided to Patient 1.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Deny.

///
///
///

**REQUEST FOR ADMISSION NO. 10:**

Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the Complaint) does not govern the rate of reimbursement for the services at issue in this action provided to Patient 2.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Deny.


**REQUEST FOR ADMISSION NO. 11:**

Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the Complaint) does not govern the rate of reimbursement for the services at issue in this action provided to Patient 3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Deny.


**REQUEST FOR ADMISSION NO. 12:**

Admit that the DMC Modesto Agreement (as defined in paragraph 6 of the Complaint) does not govern the rate of reimbursement for the services at issue in this action provided to Patient 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Deny.


**REQUEST FOR ADMISSION NO. 13:**

Admit that Principal Life's reimbursement for the services provided to Patient 1 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Deny.

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

**REQUEST FOR ADMISSION NO. 14:**

Admit that Principal Life's reimbursement for the services provided to Patient 2 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Principal Life's reimbursement for the services provided to Patient 3 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Principal Life's reimbursement for the services provided to Patient 4 by DMC Modesto is governed by DMC Modesto's Agreement with Aetna offered through ASA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Deny.

**REQUEST FOR ADMISSION NO. 17:**

Admit that DMC Modesto is a participating provider in a managed care network/preferred provider organization operated by Aetna through ASA.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the time period applicable to the request. Further objection is made that

the request *seeks admission of facts which are not reasonably calculated to lead to the discovery of admissible evidence* in that Aetna and Aetna Signature Administrators are not parties to this action.

Responding party admits that it was a party to the MPI Participating Facility Agreement, as alleged in Paragraph 6 of the Complaint, but denies that that ASA or Aetna were Clients within the meaning of that agreement for the purposes of this Request.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the Aetna/ASA managed care agreement governs Principal Life's reimbursement to DMC Modesto for services provided to Patients 1 through 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Objection. This request is *vague and ambiguous, and is unintelligible as worded* with respect to the time period applicable to the request. Further objection is made that the request *seeks admission of facts which are not reasonably calculated to lead to the discovery of admissible evidence* in that Aetna and Aetna Signature Administrators are not parties to this action.

Responding party admits that it was a party to the MPI Participating Facility Agreement, as alleged in Paragraph 6 of the Complaint, but denies that that ASA or Aetna were Clients within the meaning of that agreement for the purposes of this Request.

**REQUEST FOR ADMISSION NO. 19:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 1.

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Deny.

**REQUEST FOR ADMISSION NO. 21:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 3.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Deny.

**REQUEST FOR ADMISSION NO. 22:**

Admit that no amounts are due from Principal Life to DMC Modesto beyond the amounts that Principal Life has already paid to DMC Modesto for the services rendered to the Patient 4.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Deny.

///
///
///
///

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

1   The foregoing objections are hereby made.

2

3

4   Dated:  November 24, 2010                    HELTON LAW GROUP
                                                 A PROFESSIONAL CORPORATION

5

6

7                                       By:  _____
                                            CARRIE S. McLAIN
8                                           GREGORY C. LEHMAN
9                                           Attorneys for Plaintiff
                                            DOCTORS MEDICAL CENTER OF
10                                          MODESTO, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

## PROOF OF SERVICE

*This document is printed on recycled paper*

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 401 E. Ocean Boulevard, Suite 1010, Long Beach, California 90802.

On November 24, 2010, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO REQUESTS ADMISSION, SET ONE** as follows:

John M. Sorich, Esq.                    Attorney for Defendant,
S. Christopher Yoo, Esq.                PRINCIPAL LIFE INSURANCE
Julie M. Cloney, Esq.                   COMPANY
Adorno, Yoss, Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

__X__   <u>BY MAIL</u>
I caused such envelope to be deposited in the mail at Long Beach, California. The envelope was mailed with postage thereon fully prepaid.

_____   <u>BY EMAIL</u>
I caused such documents to be served via electronic transmittal to the office of the addressee herein describe via the Court's Electronic Case Filing System

_____   <u>BY PERSONAL SERVICE</u>
I caused the foregoing document to be personally served on the interested parties herein described.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 24, 2010, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

MARISA N. PITTS

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

# EXHIBIT D

Christopher Yoo

| | |
|---|---|
| **From:** | Julie M. Cloney [jcloney@yoss.com] |
| **Sent:** | Friday, January 21, 2011 11:45 AM |
| **To:** | Christopher Yoo |
| **Subject:** | FW: Doctors/Principal Life |

**From:** Greg Lehman [mailto:glehman@heltonlawgroup.com]
**Sent:** Thu 1/13/2011 8:59 PM
**To:** Julie M. Cloney
**Cc:** cyoo@alvaradosmith.com
**Subject:** RE: Doctors/Principal Life

Julie:

Can I get this to you next week? The start of this year has been somewhat hectic and included an emergency room visit on my part at the start of the week. So, I'm trying to catch up on some things – including this matter.

Greg

---

HELTON LAW GROUP
A PROFESSIONAL CORPORATION
Gregory C. Lehman
Associate Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California  90802
T| 562.901.4499
F| 562.901.4488

**From:** Julie M. Cloney [mailto:jcloney@yoss.com]
**Sent:** Wednesday, January 05, 2011 10:16 AM
**To:** Greg Lehman
**Cc:** cyoo@alvaradosmith.com
**Subject:** FW: Doctors/Principal Life

Greg,

Happy new year,

Please advise what you have learned about whether your client followed the dispute resolution procedures in the MultiPlan Contract.  Also, please update the response to request for admission numbers 5-8 as we discussed back in December.  Please update the discovery responses before the close of business on January 12 so we can avoid filing a motion to compel.
Thanks,
Julie

**From:** Julie M. Cloney
**Sent:** Tue 12/28/2010 3:51 PM
**To:** Greg Lehman
**Subject:** RE: Doctors/Principal Life

Greg,

This email confirms that you are going to follow up with your client as to whether it complied with the dispute resolution procedures set forth in the contract that it claims controls reimbursement in this case. If there was compliance, please let me know what was done and what was communicated by MultiPlan. I have asked my client about the logos.

Also, several weeks ago we conferred on Plaintiff's responses to Principal Life's Request for Admissions. You agreed to withdraw the objections to Requests 5-8 and respond to those requests. Please send me the responses as soon as possible. Thanks.
Julie

---

**From:** Greg Lehman [mailto:glehman@heltonlawgroup.com]
**Sent:** Tue 12/28/2010 1:10 PM
**To:** Julie M. Cloney
**Subject:** RE: Doctors/Principal Life

Noon is fine.

---

HELTON LAW GROUP
A PROFESSIONAL CORPORATION
Gregory C. Lehman
Senior Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
T| 562.901.4499
F| 562.901.4488

---

**From:** Julie M. Cloney [mailto:jcloney@yoss.com]
**Sent:** Tuesday, December 28, 2010 9:51 AM
**To:** Greg Lehman
**Subject:** Doctors/Principal Life

Hi Greg,

Can we start our conference early today (at 12pm your time rather than 1pm). If not, can we confer tomorrow? I am available all day. If neither option works, let's just keep it for today. Please let me know as soon as possible.
Thanks,
Julie

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ALVARADOSMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On January 21, 2011, I served the foregoing document described as **DEFENDANT'S MOTION TO HAVE THE ADMISSION DEMED ADMITTED AND FOR DISCOVERY SANCTIONS** in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on January 21, 2011, at Santa Ana, California.

JOYCE M. YOUNG

1119531.1

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

## SERVICE LIST

*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

Ralph G. Helton, Esq.                         562.901.4499 – telephone
Helton Law Group                              562.901.4488 – Facsimile
401 East Ocean Blvd., Suite 1010
Long Beach, CA 90802

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1119531.1