**HELTON LAW GROUP**
**A PROFESSIONAL CORPORATION**
CARRIE S. McLAIN (State Bar No. 181674)
Email: cmclain@heltonlawgroup.com
MARK S. HENNINGS (State Bar No. 100906)
Email: mhennings@heltonlawgroup.com
ATTORNEYS AT LAW
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
TELEPHONE: (562) 901-4499
FACSIMILE: (562) 901-4488

ATTORNEYS FOR PLAINTIFF DOCTORS MEDICAL CENTER OF MODESTO, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: 1:10-cv-00452-LJO-SKO<br><br>ASSIGNED TO:<br><br>HON. LAWRENCE J. O'NEILL<br>UNITED STATES DISTRICT COURT JUDGE<br><br>-AND-<br><br>HON. SHEILA K. OBERTO<br>UNITED STATES MAGISTRATE JUDGE<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS**<br><br>[FILED CONCURRENTLY HEREWITH DECLARATION OF MARK S. HENNINGS AND GREG LEHMAN IN SUPPORT]<br><br>Hearing Date: March 2, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 8 |

Comes now Plaintiff Doctors Medical Center of Modesto, Inc. which opposes Defendant's motion.

# INTRODUCTION:

This is an action by plaintiff to recover payment for medical services reasonably and necessarily rendered by plaintiff ("Hospital") regarding 4 patients to whom Hospital provided reasonable and necessary medical treatment and services. The plaintiff ("Hospital") reasonably expected and continues to expect and thus demands that Principal Life Insurance Company ("Principal") reimburse the plaintiff Hospital no less than $161,562.42 with 15% interest per annum under Heath and Safety Code Sect 1371 or alternatively 10% per annum under California Civil Code Section 3287(a).

The obligations of Principal arise out of a July 1, 2008 MPI Participating Facility Agreement ("MPI Agreement") whereby plaintiff ("Hospital") was obligated provide medical care at reduced rates to Participants of the MPI's Client Program. Defendant Principal is a Client as that term as defined by the MPI Agreement. According to the MPI Agreement, ("Hospital") is required to provide medical services to any Participant in a Client's Program in need of such medical services. Principal, as a Client defined in the agreement, is required to pay Hospital for such medical services rendered in accordance with the terms of the MPI Agreement.

Principal failed to pay or grossly underpaid the plaintiff ("Hospital") under the stated rationale that there was a purported separate discount agreement between Aetna and Hospital ("Aetna Agreement") upon which it made its reimbursement calculations. Defendant Principal maintains that its Patients in this matter were members of health plans operated by Aetna Signature Administrators ("ASA") and that, as such, they qualify for the application of discounts found in the Aetna agreement with the Hospital.

Plaintiff Hospital has refuted and continues to refute this notion in that the Aetna Agreement makes no direct reference to ASA as a participating "product" or as an Affiliate of Aetna. Moreover, ASA is not listed in Aetna's 10-K filings for either 2008 (when these 4 claims arose) or 2010 as a subsidiary of Aetna, Inc. The only reference to Aetna's "Signature" line of products is made in a January 1, 2010 amendment to the Aetna Agreement which, in pertinent part adds a specific provision that "Signature"

("ASA") products are payable at the rates in the Aetna Agreement. This amendment post-dates the dates of service of the claims that are at issue and are thus not applicable to Principal's pricing of these claims.

It should also be mentioned that a specific inclusion of "Signature" ("ASA") products in the 2010 amendment also evidences that ASA products were not included in the original 2007 Aetna agreement and were not allowed access to the Aetna Agreement discount rates. Hospital continues to assert that since ASA was not a listed affiliate of Aetna, or included in the original Aetna Agreement applicable at the time of service the discount unilaterally applied by Principal does not apply to the claims at issue in 2008. Consequently, Hospital has asserted, and continues to assert that the proper discount is found in the MPI Agreement, to which Principal is a party as the applicable contract with the Hospital did not have an Aetna ASA rate and that the ASA product was not subject to a discount with the Hospital at that time.

   I.   Plaintiff has denied virtually all of the Requests for Admissions ("RFAs") submitted which are not being sought to be deemed admitted as late.

      a.   Plaintiff served requests for admissions numbering 22 on Oct 14th, 2010 to plaintiff. Plaintiff unequivocally denied RFAs 1-4, 5-8 (the only ones sought to be admitted in defendant's motion) and 9-22. Plaintiff's responses to RFAs 17-18 contain virtually the same objections based upon vagueness, ambiguity and unintelligibility followed by a partial admission and denial to those requests for admission. It is certainly interesting and worthy of notice that of all 22 requests for admissions denied, defendant, who asserts only RFAs 5-8 are alleged by defendant to have been deemed admitted based on alleged lateness. Defendant appears to be selectively and capriciously selecting only a few of the RFAs (5-8) to be conclusively deemed admitted. Defendant contends that this is due to the responses being one day late after the defense attorney authorized an extension of time to respond on November 23rd from November 14th, 2010, the originally due date.

///

It would appear that defense attorney is engaging in sharp practices in the unilateral and arbitrary selection of requests for admissions sought to be deemed admitted. Plaintiff contends that if defendant, in good faith, believed that the asserted or purported lateness of one day constituted a viable and legitimate ground for deeming the matters admitted, he would have (a) sought that **all** RFAs be deemed admitted, which defendant has not done and/or (b) not waited two months after the receipt of the responses to file a motion. This is despite defendant's assertion that the admission of the arbitrarily-selected requests 5-8 are already deemed admitted by operation of law.

II. Plaintiff's responses to all requests for admissions, including 5-8, were in good faith and were, like virtually all other of the 22 requests for admissions, denied.

    a. Requests for admissions 5-8 requested an admission on the part of the Hospital that patients 1-4 were not a "participant in the MPI's Client's Program" as referenced in paragraph 6 of the complaint. The objection on the bases of vagueness, ambiguity and unintelligibly were predicated on the reality that there was no reference to patients 1-4 in that paragraph of the complaint. Citing lack of sufficient information and belief, the requests for admissions were denied. The responses to those requests for admissions were at the time responded to and continue to be factually and legally sufficient. Plaintiff also asserts that defendant has no good faith belief that those admissions sought to be admitted are in fact factually true.

**ARGUMENT:**

III. FRCP Rule 29 authorizes the parties to stipulate to modify procedures re: discovery as long as the stipulation does not interfere with a hearing or trial date or discovery deadline.

    a. In the context of the e-mails between defense counsel and Mr. Lehman, it is clear that there were several stipulations to continue the date for responses to RFAs and for the serving of additional/further responses.

    b. Subsequent to the plaintiff's response to the requests for admissions the e-mails back and forth from Julie Cloney to Greg Lehman and vice versa (attached

as exhibit D to Defendant's motion) clearly reference **only a request by the Defendant for further responses requested to only 4 requests for admissions (5-8) of the 22 denied.** At no time, during that two month period in December 2010 and January 2011, was there an assertion or affirmation by defendant that any or all of the requests for admission (much less the 4 that present counsel Mr. Yoo seeks to have admitted) were late or had deemed admitted.

In the 1/5/2010 e-mail from Julie Cloney to Greg Lehman, (included in the e-mails as part of exhibit D to Defendant's motion) she merely requests that Mr. Lehman **"Please update the discovery responses (referring to 5-8) before the close of business on January 12 so we can avoid filing a motion to compel."**

It appears that Mr. Yoo, who had no part in the discussions and negotiations between Ms. Cloney and Mr. Lehman. Yet, Mr Yoo relies on these e-mails, which are, in effect twice-removed hearsay in his declaration, as a basis for filing the instant motion. The declaration of Greg Lehman clarifies that the negotiations between Ms. Cloney and Mr. Lehman were only with regards to obtaining **further responses** to requests for admissions 5-8.

IV.   The Court has discretion to allow the party to submit responses after the allowed time for a response.

In  U.S. V. Petroff-Kline, 557 F. 3rd 285,293 (6th Cir.2010). In that matter, the court deemed responses 3 days late to have been timely. The courts have held that the failure to timely respond resulting in an admission is not applied in a wooden fashion. Fabriko Acquisition Corp v. Prokos  536 F. $3^{d}$ 605,607 (7th Cir. 2008).  As a practical matter, terminating sanctions (which are in essence what is being sought in this motion) are rarely if ever imposed for failure to serve a timely response. An order compelling a further response is usually required or imposed.

V.   Defendant's remedy, if any is to file a motion to compel further responses.

a.   If responses have been served containing or responses asserted to be evasive or non-responsive, the proper procedure is a motion to compel further responses

to requests for admissions under Rule 37(a), not to bring a motion to order facts deemed admitted. Furthermore, there must be a "Meet and Confer" under FRCP 37 (a) (1). As has been stated above and in the declaration of Greg Lehman, there was in fact no meet and confer on any issue re: facts allegedly deemed admitted or the purported lateness of them or any of them.

    b. Mr. Yoo was not part of the meet and confer process with regards to the requests for admissions. The declaration of Gregory Lehman clarifies that only Julie Cloney (located in Florida) and he discuss the meet and confer issues regarding the requests for admissions; and that they dealt only with her request to be provided with further responses. Having no personal knowledge regarding what factually took place between Mr. Lehman and Ms. Cloney, Mr. Yoo's declaration should be disregarded in its entirety as inadmissible hearsay. No declaration has been submitted on behalf of Julie Cloney, the person with whom Mr. Lehman met and conferred with regarding the further responses requested regarding requests for admissions 5-8.

 VI. Good cause exists for the one day delay in responding to the requests for admissions.

  The declaration of Greg Lehman clarifies that the rationale for the response of 11/24/2010 (only 1 day past the requested 11/23/2010) was that he was waiting for the properly-executed verification from the client. Mr. Lehman utilized his best efforts to respond on or before 11/23/2010. Good cause existed in the 1 day delay as he was still waiting for the verification from the client.

  **No prejudice** has resulted in the one day delay in the responses to the requests for admissions. The request by defendant for the court to order facts deemed admitted to requests for admissions 5-8 is nothing short of draconian and does not represent the intent or the procedural posture of the two months of discussions between Mr. Lehman and Ms. Cloney, which dealt only with defendant's request for further responses. Mr. Yoo is well aware that his unilateral hand picked selection of requests for admission 5-8 being ordered deemed admitted would have the draconian effect of eviscerating the

1 Plaintiff's case, in terms of admissions deemed admitted. Plaintiff maintains that this is and would be manifestly unjust, under the circumstances.

VII.   NO costs or sanctions should be ordered regarding Plaintiff as the proper motion to be filed by Defendant, if any, would be a motion to compel further responses

Generally, the party losing a motion to determine the sufficiency of a response can be ordered to pay expenses, sanctions and attorneys fees. FRCP 37 (a) (5) and FRCP 26(g).   Defendant, however, has not brought the proper motion to the court to compel further or additional responses to any of the requests for admissions, which would be the appropriate motion, if any, to be filed and heard.

Quite the contrary, defendant, has unjustifiably filed a motion for his arbitrarily-selected requests for admissions to be deemed admitted (which is in essence a terminating sanction) and is additionally requesting monetary sanctions. As stated above and in the declaration of Greg Lehman, good cause has been demonstrated for the **1 day delay** in the responses to the requests for admissions that were served on the defendant on 11/24/2010. No prejudice exists or has been shown or demonstrated on the part of the defendant.

Plaintiff requests that the Court impose sanctions in the form of costs and attorney's fees upon Defendant for filing a specious motion for an order for facts deemed admitted without factual or legal justification or grounds to file said motion and in not pursuing the proper motion, if any such motion should be brought, to compel further responses.

///
///
///
///
///
///
///

7

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS
DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS

**CONCLUSION:**

Plaintiff, Doctor Medical Center of Modesto, Inc. requests that the Court deny the Defendant's motion to have facts deemed admitted and requests the Court to award attorney's fees and expenses incurred in favor of the Plaintiff.

DATED: February 14, 2011                    HELTON LAW GROUP, P.C.

                                            By: /s/ signature
                                            CARRIE S. McLAIN
                                            MARK S. HENNINGS
                                            Attorneys for Plaintiffs
                                            DOCTORS MEDICAL CENTER OF
                                            MODESTO, INC.

# PROOF OF SERVICE

*This document is printed on recycled paper*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 401 E. Ocean Boulevard, Suite 1010, Long Beach, California 90802.

On February 14, 2011, I served the foregoing document described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS** as follows:

| | |
|---|---|
| John M. Sorich, Esq.<br>S. Christopher Yoo, Esq.<br>Adorno, Yoss, Alvarado & Smith<br>1 MacArthur Place, Suite 200<br>Santa Ana, CA 92707 | Attorney for Defendant,<br>PRINCIPAL LIFE INSURANCE COMPANY |

____ BY MAIL
I caused such envelope to be deposited in the mail at Long Beach, California. The envelope was mailed with postage thereon fully prepaid.

  X   BY EMAIL
I caused such documents to be served via electronic transmittal to the office of the addressee herein describe via the Court's Electronic Case Filing System

____ BY PERSONAL SERVICE
I caused the foregoing document to be personally served on the interested parties herein described.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 14, 2011, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
MARISA N. PITTS

---

9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS