**HELTON LAW GROUP**
A PROFESSIONAL CORPORATION
CARRIE S. McLAIN (State Bar No. 181674)
Email: cmclain@heltonlawgroup.com
MARK S. HENNINGS (State Bar No. 100906)
Email: mhennings@heltonlawgroup.com
ATTORNEYS AT LAW
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
TELEPHONE: (562) 901-4499
FACSIMILE: (562) 901-4488

ATTORNEYS FOR PLAINTIFF DOCTORS MEDICAL CENTER OF MODESTO, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, an Iowa corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: 1:10-cv-00452-LJO-SKO<br><br>ASSIGNED TO:<br><br>HON. LAWRENCE J. O'NEILL<br>UNITED STATES DISTRICT COURT JUDGE<br><br>-AND-<br><br>HON. SHEILA K. OBERTO<br>UNITED STATES MAGISTRATE JUDGE<br><br>**DECLARATION OF MARK S. HENNINGS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS**<br><br>Hearing Date: March 2, 2011<br>Time: 9:30 a.m.<br>Place: Courtroom 8 |

I, Mark S. Hennings declare as follows:

1.   That I am a member of the Helton Law Group, attorneys of record for Doctors Medical Center of Modesto. I have been admitted to practice law in the State of

---
1
DECLARATION OF MARK S. HENNINGS

1  California and before this Court. If called upon as a witness in this action, I am
2  competent to testify to the matters set forth in this Declaration.

3      2.    I am handling this file on behalf of the plaintiff. I have reviewed the
4  defendant's requests for admissions and the responses of the plaintiff, the motion for an
5  order to have facts deemed admitted and the declarations of Mr. Yoo and Mr. Lehman.

6      3.    From my review of the file and the declarations it appears that plaintiff
7  rendered services to 4 patients who were covered by Kaiser, for whom plaintiff
8  provided reasonable and necessary medical services for which defendant has
9  unjustifiably refused to pay or has substantially underpaid plaintiff; necessitating the
10 action filed and brought against the defendant. I incorporate the "introduction" section
11 of Plaintiff's opposition papers herein by reference as my understanding as to of the
12 salient events of this matter.

13     4.    I concur with the facts asserted in the declaration of attorney Greg Lehman
14 that the responses to the requests for admission were good faith responses. I incorporate
15 by reference Mr. Lehman's declaration by reference as my understanding as to the facts
16 and circumstances of how and what manner the requests for admissions were served. I
17 also note that Mr. Yoo, who unilaterally claims that requests for admissions 5-8 are
18 deemed admitted, despite virtually all of the 22 requests being denied in part or entirely
19 by the plaintiff.

20     5.    It appears that if any meet and confer took place at all, it was between Mr.
21 Lehman and Ms. Cloney in re: further responses requested on requests 5-8. I do not see
22 any reference to any assertion that the responses were late, that any objections had been
23 or were waived, or that facts had been deemed admitted to any of the 22 requests for
24 admissions. I do not see any "meet and confer" re: facts deemed admitted or purportedly
25 late responses.

26     6.    It appears that the one day delay in providing the responses was occasioned
27 by good cause, and that no prejudice to the defendant or anyone else resulted from
28 same.

7. I believe that defendant has unjustifiably filed the instant motion when the appropriate motion, if any, would be a motion to compel further responses, which was never brought.

8. An order deeming responses to requests for admissions 5-8 as admitted would be tantamount to terminating sanctions against the plaintiff, for a 1 day delay in providing responses at least 2 months before the date the instant motion was filed.

9. I am unaware of any prejudice to defendant or to anyone else resulting from the one day delay in providing responses to the requests.

10. I fail to understand why Mr. Yoo, if he actually had a good faith belief that responses to the requests for admissions (numbering 22) were in fact late, has not sought an order that the responses to all 22 requests for admissions be deemed admitted.

11. If Mr. Yoo in fact has a good faith belief that responses to requests for admissions 5-8, once received were inadequate necessitating further responses, I fail to understand why a motion to compel further responses has not and was not filed.

12. I do not believe any of the actions or omissions of the plaintiff or this office warrant the imposition of sanctions in this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Long Beach, California on the 14 day of February, 2011.

_____
Mark Hennings

# PROOF OF SERVICE
*This document is printed on recycled paper*

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 401 E. Ocean Boulevard, Suite 1010, Long Beach, California 90802.

On February 14, 2011, I served the foregoing document described as **DECLARATION OF MARK S. HENNINGS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE ADMISSIONS DEEMED ADMITTED AND FOR DISCOVERY SANCTIONS** as follows:

| | |
|---|---|
| John M. Sorich, Esq. | Attorney for Defendant, |
| S. Christopher Yoo, Esq. | PRINCIPAL LIFE INSURANCE |
| Adorno, Yoss, Alvarado & Smith | COMPANY |
| 1 MacArthur Place, Suite 200 | |
| Santa Ana, CA 92707 | |

\_\_\_\_\_  BY MAIL
I caused such envelope to be deposited in the mail at Long Beach, California. The envelope was mailed with postage thereon fully prepaid.

  X    BY EMAIL
I caused such documents to be served via electronic transmittal to the office of the addressee herein describe via the Court's Electronic Case Filing System

\_\_\_\_\_  BY PERSONAL SERVICE
I caused the foregoing document to be personally served on the interested parties herein described.

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on February 14, 2011, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

MARISA N. PITTS

---
4
DECLARATION OF MARK S. HENNINGS