JOHN M. SORICH (CA Bar No. 125223)
jsorich@alvaradosmith.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@alvaradosmith.com
ALVARADO SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
PRINCIPAL LIFE INSURANCE
COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, and DOES 1 to 25, inclusive.<br><br>Defendants. | CASE NO.: 1:10-CV-00452-LJO-SKO<br><br>JUDGE:   Hon. Lawrence J. O'Neill<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS**<br><br>HEARING DATE: MARCH 2, 2011<br><br>TIME: 9:30AM<br><br>PLACE: COURTROOM 8 |

Defendant Principal Life Insurance Company ("Principal Life") has asked this Court to sanction Plaintiff for its failure to cooperate with Principal Life's discovery efforts by deeming some or all of its Requests for Admissions, served October 14, 2010, admitted. This remedy is available under Fed.R.Civ.P. 36(a)(3) and (6), which provide that a matter is deemed admitted unless Defendant responded within 30 days of service, and that the Court may deem a matter admitted if it finds that the answer does not comply with Rule 36. Notably absent from Plaintiff's February 14, 2011 opposition to Principal Life's Motion is any

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

justification for Defendant's stalling, delaying, and refusing to participate in Defendant's good faith efforts to resolve a discovery dispute. Nor does Plaintiff contend that its Response to the Requests for Admissions was timely. Instead, Plaintiff asserts that its responses were only one day late, that Principal Life does not contend that all the Requests have been admitted, that Principal Life has filed the wrong motion, and that the sanction sought is too harsh. Plaintiff is simply wrong. The appropriate sanction for Plaintiff's conduct is for Defendant's Requests for Admissions to be deemed admitted.

## I. Absent Order of this Court, Plaintiff's Untimely Responses are Deemed Admitted

Failure to timely respond to requests for admissions results in automatic admission of the matters requested. *Federal Trade Commission v. Medicor, LLC*, 217 F.Supp. 2d 1048, 1053 (C.D. Cal. 2002). No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self executing. *Id.*; see also *Carrasco v. Metro Police Dept.*, 4 Fed. Appx. 414, 415 (9th Cir. 2001)( holding the plaintiff was required to respond to the defendants' requests for admissions within 30 days and his failure to do so resulted in the subject matter of the request being deemed admitted, where plaintiff did not request an extension of time to respond); *Layton v. International Association of Machinists and Aerospace Workers*, 285 Fed.Appx. 340, 341 (9th Cir. 2008)(district court did not err when it deemed facts admitted because of a failure to timely respond to requests for admissions where there is no dispute that it did not respond on time; the facts were admitted without the need for any further action by the court or the parties). The requesting party is not required to file a motion to compel responses to the requests for admissions because of self-executing provision in Rule 36(a). *Fenters v. Yosemite Chevron*, 2010 WL 1130868 (E.D.Cal. 2010). A matter may be deemed admitted if the answer to a request for admission does not comply with the requirements of Rule 36. Fed.R.Civ.P. 36(a)(6). A party may not give lack of information as a reason for failure to admit or deny unless he states that

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. Fed.R.Civ.P. 36(a)(4). A response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981). A party requesting an admission may, if he feels these requirements have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Further, an evasive denial, one that does not "specifically deny the matter," or a response that does not set forth "in detail" the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission. *Southern Pacific*, 669 F.2d at 1246. Because such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted. *Id.*

Here, Principal Life agreed to an extension of time for Plaintiff to respond to the Requests for Admissions. There is no dispute that Plaintiff did not respond to the Requests for Admissions within the extended time agreed to by the parties. The only question is **how untimely** was the Response. Plaintiff claims that the Response was served on November 24, 2010, only one day after the agreed deadline. This contention is belied by the claimed justification for the delay—that counsel was awaiting the properly-executed verification from his client before serving the Response (Plaintiff's Opposition Brief at p. 6). That verification, which is **Exhibit A**, was not signed by Plaintiff's representative until November 29, 2010. And, in fact, Plaintiff's counsel did wait to obtain his client's verification. That is, notwithstanding the certification to the contrary and the calls and emails by undersigned counsel (**Exhibit B**), which were ignored, the Response was not provided to Principal Life until December 1, 2010 (**Exhibit C**). Plaintiff's contention that Principal Life had not previously claimed that all the Requests were deemed admitted is without basis-- on

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

November 30, 2010, counsel for Defendant informed Plaintiff's counsel that the Requests were admitted as a result of Plaintiff's failure to timely respond to the Requests for Admissions. **Exhibit D**. Rule 36 is self-executing. Thus, nothing more was required of Principal Life. Principal Life did not delay in seeking sanctions. On the contrary, Plaintiff has delayed in seeking to withdraw its admissions, and, in fact, has still not sought such relief[1]. Similarly, Principal Life was not required to file a motion to compel further responses, as the Court has discretion to deem admitted Plaintiff's tardy and non-compliant responses. Accordingly, each of the Requests should be deemed admitted.

## II. Request Numbers 5 through 8 Should be Deemed Admitted Even if the Court Relieves Plaintiff of the Remaining Admissions

Under Rule 36, it is within the Court's discretion to deem Requests 5 though 8 admitted notwithstanding the Court's position with regard to the other Requests. These Responses do not comply with Rule 36 as they are patently evasive, and assert lack of knowledge without the required statement that a reasonable inquiry was conducted. At issue in this action is what PPO agreement governs the rate of reimbursement to be paid to Plaintiff for the medical treatment provided to four patients (the "Patients"), all of whom received medical services at Doctors Medical Center of Modesto (the "Hospital") in 2008. Benefits were available to each of the Patients under ERISA[2]-governed Employee Welfare Benefit Plans and each Patient was also a member of the Aetna Signature Administrators PPO Network, not a Principal Life PPO. Principal Life is merely the claims administrator for the Plans, with limited authority to process undisputed claims for benefits. Principal Life has no

///

---

[1] As such, Plaintiff's "prejudice" and "good cause" analysis, and its purported attempt to establish the merits of its case are inapposite.

[2] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001-1461.

4

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

responsibility for funding benefits, nor does it insure the Employee Welfare Benefit Plans under which benefits are sought.  In the Complaint, Plaintiff alleges:

> On or about July 1, 2008, DMC Modesto entered into the MPI Participating Facility Agreement ("DMC Modesto Agreement") to provide medical care at reduced rates to **Participants of MPI's Client's Program**.  DMC Modesto is informed and believes Principal is a Client, as defined by the Agreement.  The sole purpose of this Agreement was for DMC Modesto to provide medical services to any Participants in Principal's Program in need of such medical services, and for Principal to pay DMC Modesto for such medical services rendered in accordance with the terms of the DMC Modesto Agreement.

Complaint at ¶ 6.  The Requests seek to narrow the issues as to a critical allegation of the Complaint by asking Plaintiff to admit that the Patients were NOT participants of MPI's Client's Program, as referenced in paragraph 6 of the Complaint.  The inference from such an admission would be that the rates set forth in the "DMC Modesto Agreement" would not apply to the medical services provided by Plaintiff to the Patients because they are not participants in Principal Life's "Program" (i.e. PPO).  Plaintiff refused to answer these Requests, claiming paragraph 6 did not refer to the Patients' being participants of MPI's Client's Program.  A cursory reading of Paragraph 6 and the entire Complaint establishes that this objection is specious at best.  Plaintiff further objected that it lacked sufficient information to admit or deny the Requests, without stating that it made a reasonable inquiry.  Instead, Plaintiff stated its discovery and investigation were ongoing.  **Notwithstanding this representation, Plaintiff apparently has made no effort to determine whether the Patients were participants of Principal Life's PPO Program, an issue on which it will bear the burden of proof at trial and should have known before the Complaint was filed.**

Immediately after receipt of Plaintiff's Response on December 1, 2010, Plaintiff's counsel was contacted to attempt to confer about the Response.  Plaintiff's counsel was unresponsive to phone calls.  Consequently an email was sent to Plaintiff's counsel seeking to set a time to confer.  **Exhibit E**. Counsel did confer on or about December 10, 2010, at which time Plaintiff's counsel **agreed to withdraw**

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

**the objections** and admit or deny Request Numbers 5 through 8. Despite numerous attempts to obtain a response that complies with Rule 36 (see Exhibit D to Principal Life's Motion to Have Request for Admissions Admitted), to date Plaintiff has not withdrawn its objections to Requests 5 through 8. The evasiveness and unresponsiveness of Plaintiff's counsel demonstrates a deliberate attempt by Plaintiff to avoid the consequences of committing itself to an admission or denial.

Principal Life's selection of these Requests to be deemed admitted is neither arbitrary nor calculated. In fact, while Plaintiff asserted similar objections to all the Requests, the responses to Requests 5 through 8 are so spurious that, on their face, they do not comply with the literal requirements of Rule 36. As such, the Court may deem Requests 5 through 8 admitted. In addition, on December 10, Plaintiff's counsel agreed that he had misread the Requests and agreed to withdraw the objections. Thereafter, Plaintiff's counsel never withdrew this agreement, but stated only that he had not had time to revise the responses. Principal Life relied on Plaintiff's counsel's assurances that the objections would be withdrawn and refrained from filing a motion to compel further responses. Instead of doing as agreed, Plaintiff's counsel delayed and evaded until the eve of the non-dispositive motion deadline. Plaintiff cannot now complain that Principal Life did not pursue a course of action that its counsel misled Principal Life to believe would be unnecessary.

///
///
///
///
///
///
///
///
///

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

### III    CONCLUSION

This dispositive motion deadline is rapidly approaching (March 10, 2011). Trial is set for June 6, 2011. Principal Life has used its best efforts to participate in discovery to reasonably narrow the issues prior to these deadlines. Plaintiff has engaged in avoidance and delay tactics intended to increase the burden and expense of this action. Sanctions should be imposed, and attorney's fees awarded to Principal Life for the expense of bringing this Motion.

Respectfully submitted,

DATED: February  17, 2011          ALVARADO SMITH
                                   A Professional Corporation


                                   By:   /s/ S. CHRISTOPHER YOO
                                         JOHN M. SORICH
                                         S. CHRISTOPHER YOO
                                         Attorneys for Defendant
                                         PRINCIPAL LIFE INSURANCE
                                         COMPANY

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

# EXHIBIT A

1

## VERIFICATION

2 STATE OF CALIFORNIA, COUNTY OF STANISLAUS

3 I, _Greg Berry_ hereby verify as follows:

4 I have read the foregoing PLAINTIFF'S RESPONSE TO REQUESTS FOR

5 ADMISSION, SET ONE and know its contents.

6     I am the _____CFO_____ of DOCTORS MEDICAL CENTER OF

7 MODESTO, INC., a party to this action, and am authorized to make this verification for

8 and on its behalf, and I make this verification for that reason.

9     The matters stated in the foregoing document are true of my own knowledge

10 except as to those matters which are stated on information and belief, and as to those

11 matters I believe them to be true.

12     Executed    on    November   _29_,   2010,    at    _PMC_____,

13 _____.

14 I declare under penalty of perjury under the laws of the State of California that the

15 foregoing is true and correct.

16     _____ 11/29/10

17     (Title)

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION, SET ONE

# EXHIBIT B

## Julie M. Cloney

| | | | |
|---|---|---|---|
| **From:** | Julie M. Cloney | **Sent:** | Wed 11/24/2010 12:38 PM |
| **To:** | Greg Lehman; Christopher Yoo | | |
| **Cc:** | Jessica Ermel; John Sorich; Rhonda White | | |
| **Subject:** | RE: Doctors/Harris | | |
| **Attachments:** | | | |

Greg,

Will you please send me a copy of the discovery responses that you served yesterday.

Thanks,
Julie Cloney

**From:** Greg Lehman [mailto:glehman@heltonlawgroup.com]
**Sent:** Thu 11/18/2010 2:08 PM
**To:** Julie M. Cloney; Christopher Yoo
**Cc:** Jessica Ermel; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Thank you, Ms. Cloney, for your courtesy.

HELTON LAW GROUP
A PROFESSIONAL CORPORATION

Gregory C. Lehman
Senior Associate Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California  90802
T| 562.901.4499
F| 562.901.4488

**From:** Julie M. Cloney [mailto:jcloney@adorno.com]
**Sent:** Thursday, November 18, 2010 11:00 AM
**To:** Christopher Yoo; Greg Lehman
**Cc:** Jessica Ermel; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Sure.  No problem.

**From:** Christopher Yoo [mailto:cyoo@alvaradosmith.com]
**Sent:** Thu 11/18/2010 1:57 PM

**To:** Julie M. Cloney; Greg Lehman
**Cc:** Jessica Ermel; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Julie,

He is asking for a short extension to next Tuesday.  Is this acceptable?

**From:** Julie M. Cloney [mailto:jcloney@adorno.com]
**Sent:** Thursday, November 18, 2010 10:54 AM
**To:** Greg Lehman
**Cc:** Jessica Ermel; Christopher Yoo; John Sorich; Rhonda White
**Subject:** RE: Doctors/Harris

Greg,

I believe Plaintiff's discovery responses are due today.  Would you please provide my with a pdf copy of the response that are served.

Thank you

Julie Cloney

**From:** Greg Lehman [mailto:glehman@heltonlawgroup.com]
**Sent:** Tue 10/26/2010 7:03 PM
**To:** Julie M. Cloney
**Cc:** Jessica Ermel
**Subject:** RE: Doctors/Harris

Julie:

I will follow up on these issues. However, it would be helpful to see the agreement. Do you happen to have copies of it that we can see? After all, if Principal is processing and pricing these claims according to a par agreement, we would need to see the agreement(s) being used to price the claims.

Greg

⚠ Attachments can contain viruses that may harm your computer. Attachments may not display correctly.

## Julie M. Cloney

| | |
|---|---|
| **From:** | Julie M. Cloney |
| **To:** | Greg Lehman |
| **Cc:** | Jessica Ermel; cyoo@alvaradosmith.com; Jay Blumenkopf |
| **Subject:** | RE: Doctors/Harris |
| **Attachments:** | 🗋 Response to Subpoena.pdf(3MB) |

**Sent:** Mon 11/29/2010 10:44 AM

Greg,

Attached is the Managed Care Agreement between Aetna and Doctors of Modesto.  As the patient ID cards indicate that they are participants in the Aetna Signature Administrators network, this is clearly something that should have been identified in Plaintiff's initial disclosures.  In fact, as we have stated all along, the attached agreement governs the rate of reimbursement for the services at issue in this case, not the MPI Participating Facility Agreement as alleged in the Complaint, and this case should never have been filed.

Plaintiff's discovery responses were due on November 23, following an agreed extension.  I have not received copies of the responses.  I called and emailed on Wednesday but you did not respond.  Per my previous requests, if responses were served, please pdf a copy to me.  It would be helpful to receive the responses today so we have an idea of what remains at issue for next week's scheduling conference.  If we have not received the responses before the settlement statements are due, we will notify the court accordingly.  In addition, we intend to raise your client's failure to disclose the Managed Care Agreement.

We have asked repeatedly for this case to be dismissed so that the parties do not incur additional attorney's fees.  I am at a loss as to why it has not been dismissed.  Now that Principal Life has a copy of the Agreement that your client denied exists, I cannot understand how Plaintiff can continue to pursue the case.  Accordingly, if Plaintiff continues to refuse to dismiss the case, we intend to pursue a Motion for Sanctions under Fed.R.Civ.P. 11.  If you wish to discuss this matter, please contact me at 321-631-3336.

Julie Cloney

**From:** Greg Lehman [mailto:glehman@heltonlawgroup.com]
**Sent:** Tue 10/26/2010 7:03 PM
**To:** Julie M. Cloney
**Cc:** Jessica Ermel
**Subject:** RE: Doctors/Harris

Julie:

I will follow up on these issues. However, it would be helpful to see the agreement. Do you happen to have copies of it that we can see? After all, if Principal is processing and pricing these claims according to a par agreement, we would need to see the agreement(s) being used to price the claims.

Greg

HELTON LAW GROUP
A PROFESSIONAL CORPORATION

Gregory C. Lehman
Senior Associate Attorney

You replied on 12/3/2010 2:38 PM.

**Julie M. Cloney**

| From: | Greg Lehman [glehman@heltonlawgroup.com] | Sent: | Tue 11/30/2010 7:58 PM |
|---|---|---|---|
| To: | Julie M. Cloney | | |
| Cc: | Jessica Ermel; cyoo@alvaradosmith.com; Jay Blumenkopf; Carrie Mclain | | |
| Subject: | RE: Doctors/Harris | | |
| Attachments: | | | |

Julie:

I was under the impression that the discovery responses had been sent to you by my staff. In any event, have you received them? If not, I will arrange to have them sent to you.

Meanwhile, I have reviewed the contract you attached to your e-mail below. I do not understand how Principal believes this agreement bears on reimbursement of the claims at issue. There is no mention of ASA or any other Signature products in the 2007 agreement and no other mention of them is made until the 2010 amendment - which post-dates the claims at issue. Additionally, ASA is not an Affiliate of Aetna, Inc. as that term is defined at section 12.1 since ASA is not listed on Aetna's 2008 10-K filing with the SEC.

The Participating Product Schedule of the 2007 agreement discusses "Aetna Health Fund" products based on the "PPO platform." However, based on information available through Aetna about ASA, it appears that: i) ASA products are neither underwritten nor funded by Aetna (i.e. they are not "Aetna Health Fund" products within the meaning of the 2007 Participating Product Schedule); ii) claims arising through ASA are not processed by ASA (but are, instead, processed by TPA's such as Principal); iii) ASA member ID cards look different from those of a member enrolled in an Aetna health plan, and; iv) ASA follows some, but not all, of Aetna's policies or procedures. Frankly, it is unclear what ASA actually does other than delegate claims processing responsibilities to TPA's and possibly allowing these TPA's to access discount rates (in this case, improperly).

What does seem clear, however, is that ASA is a distinct enterprise which is separate from Aetna, Inc. or any of its affiliates. As such, it is not covered by the 2007 agreement. The fact that the 2010 amendment has a specific provision mentioning Aetna's "Signature" products by name provides further support for this proposition. After all, why would a Signature-product-specific amendment be necessary if Aetna's Signature products were already covered by the 2007 agreement?

As for the threat to seek sanctions under F.R.C.P 11, it is unclear what the basis of such relief would be. Our client has never alleged that an Aetna agreement applied to these claims. Instead, we have alleged and maintained that these claims were to be reimbursed according to the MPI Agreement alleged in the complaint. It has been the position of your client and firm that these claims were subject to pricing under an Aetna agreement and, until your recent e-mail, your client was unable to produce the very agreement upon which it was basing its pricing determinations. This begs the question of how your client could claim access to an Aetna agreement when it did not have a copy of the very agreement it was claiming the advantage of. Finally, none of the discovery requests your firm propounded requested a copy of the Aetna agreement which you obtained by subpoena. Given these facts, it is unclear what the basis for any sanctions would be.

Greg

---

HELTON LAW GROUP
A PROFESSIONAL CORPORATION

Gregory C. Lehman
Senior Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
T| 562.901.4499
F| 562.901.4488

**From:** Julie M. Cloney [mailto:jcloney@yoss.com]
**Sent:** Monday, November 29, 2010 7:44 AM
**To:** Greg Lehman
**Cc:** Jessica Ermel; cyoo@alvaradosmith.com; Jay Blumenkopf
**Subject:** RE: Doctors/Harris

Greg,

Attached is the Managed Care Agreement between Aetna and Doctors of Modesto. As the patient ID cards indicate that they are participants in the Aetna Signature Administrators network, this is clearly something that should have been identified in Plaintiff's initial disclosures. In fact, as we have stated all along, the attached agreement governs the rate of reimbursement for the services at issue in this case, not the MPI Participating Facility Agreement as alleged in the Complaint, and this case should never have been filed.

Plaintiff's discovery responses were due on November 23, following an agreed extension. I have not received copies of the responses. I called and emailed on Wednesday but you did not respond. Per my previous requests, if responses were served, please pdf a copy to me. It would be helpful to receive the responses today so we have an idea of what remains at issue for next week's scheduling conference. If we have not received the responses before the settlement statements are due, we will notify the court accordingly. In addition, we intend to raise your client's failure to disclose the Managed Care Agreement.

We have asked repeatedly for this case to be dismissed so that the parties do not incur additional attorney's fees. I am at a loss as to why it has not been dismissed. Now that Principal Life has a copy of the Agreement that your client denied exists, I cannot understand how Plaintiff can continue to pursue the case. Accordingly, if Plaintiff continues to refuse to dismiss the case, we intend to pursue a Motion for Sanctions under Fed.R.Civ.P. 11. If you wish to discuss this matter, please contact me at 321-631-3336.

Julie Cloney

# EXHIBIT C

⚠ You forwarded this message on 12/2/2010 9:33 AM.
   Attachments can contain viruses that may harm your computer. Attachments may not display correctly.

**Julie M. Cloney**

| From: | Jessica Ermel [jermel@heltonlawgroup.com] | Sent: | Wed 12/1/2010 10:03 AM |
| To: | Christopher Yoo; Greg Lehman; Julie M. Cloney | | |
| Cc: | Jay Blumenkopf; Carrie Mclain | | |
| Subject: | RE: Doctors/Harris | | |

Attachments: 📄 Plt's Resp to RFA.pdf(557KB)  📄 Plt's Resp to RFP.pdf(568KB)  📄 Verificaition to responses to RFA.pdf(34KB)

Dear Counsel,


Attached please find a copy of discovery responses Plaintiff served to Defendant's Request for Admission and Request for Production, set one.  Please further find a copy of the verification to Plaintiff's responses to Request for Admission.


Please note, a CD containing Plaintiff's Document Production Bates labeled MOD0001-MOD0396 was also served.  The password is to access this CD is Modesto.


Thank you,


---

HELTON LAW GROUP

A PROFESSIONAL CORPORATION

Jessica Ermel

Litigation Assistant
401 East Ocean Boulevard, Suite 1010
Long Beach, California  90802
T| 562.901.4499
F| 562.901.4488

This message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

# EXHIBIT D

**From:** Christopher Yoo [mailto:cyoo@alvaradosmith.com]
**Sent:** Tuesday, November 30, 2010 5:09 PM
**To:** Greg Lehman; Julie M. Cloney
**Cc:** Jessica Ermel; Jay Blumenkopf; Carrie Mclain
**Subject:** RE: Doctors/Harris

Mr. Lehman,

Our office have yet to receive the responses.   As to the requests for admissions, they are admitted.

# AlvaradoSmith

## A Professional Corporation

| | |
|---|---|
| **S. Christopher Yoo** | Attorney at Law |
| Santa Ana Office | ☎ Main: (714) 852-6800 |
| AlvaradoSmith | ✆ Fax:  (714) 852-6899 |
| 1 MacArthur Place, Suite 200 | ✉ cyoo@AlvaradoSmith.com |
| Santa Ana, CA 92707 | |
| www.AlvaradoSmith.com | |

 Before printing this e-mail - think if it is necessary.  Think Green!

NOTICE:  CONFIDENTIAL AND PRIVILEGED INFORMATION - This email may contain

confidential and privileged material for the sole use of the intended recipient(s). Any review,

use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient

(or authorized to receive for the recipient), please contact the sender by reply email and delete all

copies of this message.

IRS Circular 230 Disclosure: To insure compliance with requirements by the IRS, we inform you that

any U.S. tax advice contained in this communication (including any attachments) is not intended or

written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing or recommending to another party any transaction

# EXHIBIT E

---

🌐 You replied on 12/9/2010 1:13 PM.

**Julie M. Cloney**

| | | | |
|---|---|---|---|
| **From:** | Greg Lehman [glehman@heltonlawgroup.com] | **Sent:** | Mon 12/6/2010 12:51 PM |
| **To:** | Julie M. Cloney | | |
| **Cc:** | Carrie Mclain | | |
| **Subject:** | RE: Doctors/Harris | | |
| **Attachments:** | | | |

Julie:

Since the settlement conference is this week, why don't we table the discussion until then?

Greg

HELTON LAW GROUP
A PROFESSIONAL CORPORATION

Gregory C. Lehman
Senior Attorney
401 East Ocean Boulevard, Suite 1010
Long Beach, California 90802
T| 562.901.4499
F| 562.901.4488

---

**From:** Julie M. Cloney [mailto:jcloney@yoss.com]
**Sent:** Friday, December 03, 2010 11:39 AM
**To:** Greg Lehman
**Subject:** RE: Doctors/Harris

Greg,

I have not heard back from you re your availability to discuss Plaintiff's discovery response.  Please let me know your availability next week.  If I have not heard from you, I will represent that I attempted to confer but was unable.

Thank you,

Julie Cloney

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **ALVARADOSMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On February 17, 2011 I served the foregoing document described as **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS** in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

(State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 17, 2011, at Santa Ana, California.

_____
JOYCE M. YOUNG

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

# SERVICE LIST

*Doctors Medical Center of Modesto, Inc. v. Principal Life Insurance Company*
USDC Case No.: 10-cv-452 LJO SMS

Ralph G. Helton, Esq.
Helton Law Group
401 East Ocean Blvd., Suite 1010
Long Beach, CA 90802

562.901.4499 – telephone
562.901.4488 – Facsimile

Attorneys for Plaintiffs

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS