# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOCTORS MEDICAL CENTER OF MODESTO, INC., a California Corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY, and DOES 1 through 25, inclusive,<br><br>                Defendants.<br>_____/ | CASE NO. 1:10-cv-00452-LJO-SKO<br><br>**ORDER ON APPORTIONMENT OF COSTS FOR DISCOVERY MOTION** |

Pursuant to Rule 37(a)(5)(C), where a discovery motion is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." For all of the reasons stated in the Court's March 3, 2011, order regarding Defendant's Motion for Discovery (Doc. 31, 11:18-20 - 12:1-24), the Court finds that an apportionment of Defendant's expenses in bringing the motion is warranted. Defendant submitted two declarations regarding its expenses. (Docs. 33, 34.) Plaintiff was provided an opportunity to be heard as to the apportionment and filed objections regarding the amount of the expenses Defendant's counsel presented to the Court. (Doc. 35.)

     Plaintiff's counsel asserts that expenses related to work performed by Defendant's attorney Julie Cloney should not be apportioned to Plaintiff because Ms. Cloney is not admitted to the

1  California Bar, and she has not requested to represent Defendant in this matter on a pro hoc vice
2  basis. Plaintiff's counsel also asserts that the hourly rate of $335 for Defendant's counsel Christopher
3  Yoo is unreasonable.

4      There is no requirement under Rule 37(a)(5)(C) that the Court apportion to Plaintiff *all* of
5  Defendant's expenses in bringing the motion. *Compare* Fed. R. Civ. P. 37(a)(5)(A) (where motion
6  granted, court "must . . . require the party or deponent whose conduct necessitated the motion . . .
7  to pay the movant's reasonable expenses incurred in making the motion . . .") *with* Fed. R. Civ. P.
8  37(a)(5)(C) (if the motion is granted in part, the court may "apportion the reasonable expenses for
9  the motion"). Mr. Yoo states that he spent 2.1 hours preparing the discovery motion at issue. Given
10 his hourly rate of $335, the expenses related to his work amount to $703.50. The Court finds that
11 Plaintiff should be apportioned $500 of these expenses. (*See* Doc. 31.)

12     Accordingly, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure
13 37(a)(5)(C), within 21 days from the date of this order, Plaintiff shall pay to Defendant the sum of
14 $500 as an apportionment of the expenses associated with Defendant's Motion for Discovery.

16 IT IS SO ORDERED.

17 **Dated:     March 22, 2011**                    /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE