1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

11 DOCTORS MEDICAL CENTER OF
MODESTO, INC.,
12
                    Plaintiff,
13
       v.
14
15 PRINCIPAL LIFE INSURANCE
COMPANY,
16
                    Defendant.
17
_____/
18

CASE NO. 1:10-cv-00452-LJO-SKO

**ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE**

(Docket No. 57)

19                              **I.   INTRODUCTION**

20         This case was removed to this Court from Stanislaus County Superior Court on March 12,

21 2010.  On April 21, 2011, Defendant Principal Life Insurance Company ("Principal") filed a motion

22 to strike the reference to a jury trial contained in the Court's June 21, 2010, Scheduling Order.

23 Principal maintains that no jury demand has ever been made by Plaintiff Doctors Medical Center of

24 Modesto, Inc. ("DMC"), and thus any right to a jury trial has been waived.  Although the Court

25 ordered DMC to file an expedited response to Principal's motion to strike, no response was filed.

26
27
28

## II.   DISCUSSION

### A.   Legal Standard – Demand For A Jury Trial

Generally, the time limit for a jury demand by either party is no later than 14 days after service of the last pleading directed to a jury-triable issue. Fed. R. Civ. P. 38(b); *see also Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 905 (9th Cir. 1982).   Under the Federal Rules of Civil Procedure, only a complaint, an answer, an answer to a counterclaim, an answer to a cross claim, a third-party complaint, a third-party answer, and a reply to an answer – if ordered by the court – qualify as pleadings. *See* Fed. R. Civ. P. 7(a).  A jury demand must be made in writing and must be filed with the clerk of the court. *See* Fed. R. Civ. P. 38(b)(2).  Once a timely demand has been made by any party, the demand may be relied upon by the other parties in the action. *See Calnetics Corp. v. Volkswagen of Am., Inc.*, 532 F.2d 674, 690 (9th Cir. 1976) (holding defendants not required to make independent jury demand in relation to issues for which plaintiff demanded a jury).

In cases that are removed to federal court, Federal Rule of Civil Procedure 81(c)(3) also provides the following:

> (A)   *As Affected by State Law*.  A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.  The court must so order at a party's request and may so order on its own.  A party who fails to make a demand when so ordered waives a jury trial.
>
> (B)   *Under Rule 38*.  If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
> (i)      it files a notice of removal; or
> (ii)     it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3)(A)-(B).

Procedural errors in docketing a jury case as a nonjury case or docketing a nonjury case as a jury case do not control the right to a jury trial. *See O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 502 (5th Cir. 1985) (magistrate judge's incorrect designation of jury case on the docket based on party's request at a status conference does not establish a party's right to a jury trial).

**B.     Analysis**

Federal Rule of Civil Procedure 81(c)(3)(A) is not applicable in this case for two reasons. First, no jury demand was expressly made in DMC's state court filings; for example, DMC's complaint makes no express demand for a jury.  Second, California law requires an express demand for a jury trial.  *Lewis v. Time Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (holding that "[u]nder California law, a litigant waives trial by jury by, *inter alia*, failing to 'announce that one is required' when the trial is set.  We understand that to mean an 'express demand' is required."), *abrogated on other grounds as recognized in Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052-53 (9th Cir. 1990); *see also Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am.*, 244 F.R.D. 608, 612 (S.D. Cal. 2007) (finding  that "even after 2002 amendment referencing the right to trial by jury in the California Constitution, California continues to require an 'express demand' of a jury trial")*.*

Rule 81(c)(3)(B) is also inapplicable because not all of the necessary pleadings were served at the time of removal, i.e., Principal's answer was filed *after* removal.  Thus, the 14-day requirement set forth in Rule 38 controls the timing and procedure for adequately demanding a jury.

Here, no jury demand appears in DMC's complaint (Doc. 1, p. 8-20), and Principal's answer contains no jury demand (Doc. 9).  Principal's answer, filed after the removal on April 2, 2010, is the last pleading directed to a jury-triable issue, and no jury demand was filed within 14 days of that answer or at any other time.   Thus, any jury trial that was available in this case was waived subsequent to April 16, 2010.

On June 14, 2010, DMC stated in the parties' joint scheduling report that it "requests a jury in this matter," but Principal maintained that "[t]his is a non-jury matter."  (Doc. 12, 22:8-9.)  In its June 21, 2010, scheduling order the Court erroneously indicated that the matter was set for a jury trial.  DMC's statement in the parties' joint scheduling report requesting a jury trial is not a proper jury demand pursuant to Fed. R. Civ. P. 38(b).  Moreover, even if it could be construed as a jury demand, such a demand was untimely.

Any relief from an untimely demand must be sought by motion pursuant to Fed. R. Civ. P. 39(a)(2).  A court's discretion under Rule 39(a)(2) "is narrow . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  *Lewis*,

1    710 F.2d at 556.  The Court cannot construe DMC's statement in the parties' joint scheduling report

2    that it was requesting a jury to be a motion pursuant to Rule 39(a)(2).  Further, even assuming it

3    could be construed as such a motion, there is no indication that DMC's failure to make a timely

4    demand was the result of anything other than inadvertence or neglect.  *Lewis*, 710 F.2d at 556.

5                                    **III.  CONCLUSION**

6            As no jury demand was properly and timely made, the right to a jury trial was waived in April

7    2010.  The  Court's June 21, 2010, scheduling order stating that the matter is set for a jury trial was

8    erroneous, and DMC was not entitled to rely upon it.  Principal's motion to strike the portion of the

9    scheduling order referring to a jury trial is GRANTED.

10

11   IT IS SO ORDERED.

12   **Dated:    April 26, 2011**                        **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28